United States District Court
Southern District of Texas
**ENTERED**
August 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JESSICA GUADALUPE YEPEZ VALENCIA, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-05807 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TODD LYONS, *et al*, Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Jessica Guadalupe Yepez Valencia filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 21, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention violates the Due Process Clause of the Fifth Amendment. See id at ¶¶13, 21–34.

Petitioner states that she has been granted deferred action by virtue of her pending U-visa petition. Id at ¶¶1, 33. And she references without explanation an order out of the Central District of California purportedly certifying a nationwide class including all individuals with pending U-visa petitions and staying new policies by the Government as to enforcement of immigration laws against these petitioners. See id at ¶1, citing *Immigration Center for Women and Children v Noem*, 2026 WL 1455004 (CD Cal).

The Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Dkt 6 at 1. Pending is a motion by the Government for summary judgment. Dkt 8. It maintains that Petitioner's detention under §1225(b)(2)(A) is mandatory and doesn't violate due process. Id at 2–9. It further argues that the order in *ICWC* isn't binding and

doesn't otherwise compel Petitioner's release. Id at 9–13. Attached to the motion is Petitioner's original notice to appear stating that she "has not been admitted or paroled" into the United States. Dkt 8-1 at 2.

Petitioner on reply maintains that her detention violates due process. See Dkt 9 at 2–7. But she in no way responds to arguments by the Government regarding *ICWC*.

The Fifth Circuit issued a controlling decision on February 6, 2026, with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08. Such determination forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

The Fifth Circuit issued a separate decision on July 2, 2026, with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at 727–28. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See 2026 WL 2014647, *1 (5th Cir). This means that the panel opinion is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has now ruled on over three hundred petitions for writ of *habeas corpus* since challenges in this context began in earnest in September 2025. This includes

decisions on the following issues pertinent to the subject petition:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question under §1225(b)(2)(A) consistent with interpretation later adopted in *Buenrostro-Mendez* and cited there with approval. See 166 F4th at 500 n 4.
- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.
- *Alonzo Sevilla v Thompson,* 4:26-cv-04560 (SD Tex, July 22, 2026): Holding that a prior grant of deferred action does not create a protected liberty interest requiring additional process before detention under §1225(b)(2)(A).

The arguments in the petition and reply raise issues almost entirely resolved to the contrary in the decisions cited above.

Remaining for consideration is Petitioner's spare citation of the order entered in *Immigration Center for Women and Children v Noem*, 2026 WL 1455004 (CD Cal). See Dkt 1 at ¶1. That order certifies a nationwide class of VAWA self-petitioners, while staying new policies by the Government as to enforcement of immigration laws against those petitioners and others. 2026 WL 1455004 at *46–47.

To the extent Petitioner's citation might suggest that the *ICWC* order controls the issue here, it simply does not. The relief afforded in the *ICWC* order is preliminary and,

as such, isn't entitled to preclusive effect. See *Rauda Choto v Ladwig*, 2026 WL 1652576, *1–2 (WD La) (holding that *ICWC* order doesn't establish entitlement to emergency injunctive relief); *Portillo Garcia v Mullin*, 2026 WL 2323547, *1 n 11 (SD Tex, Lake, J) (same).

Beyond that, the Supreme Court observes that 8 USC §1252(f)(1) "generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out" provisions of the INA including §1225, except as to *individual* petitioners. *Garland v Aleman Gonzalez*, 596 US 543, 550 (2022). To the extent that Petitioner might be construed to argue that the stay out of the Central District of California itself restrains the operation of §1225(b)(2)(A) as to all putative class members, such relief would run afoul of this limitation.

Any contention as to nationwide application of the *ICWC* order would also appear to violate the "general rule that for core *habeas* petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v Padilla*, 542 US 426, 443 (2004). It isn't clear that the issuing court even intends the *ICWC* order to apply directly in *habeas* matters such as this, which are pending in vast numbers across the country. And notably, to the contrary, the Ninth Circuit has recently stayed a different order issuing out of the Central District of California in a related context that in fact purported to extend relief to a nationwide class of *habeas* petitioners upon determination that such order likely exceeded the district court's jurisdiction. See *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17. Like reasoning applies here.

To the extent the reasoning and legal basis of the *ICWC* order might be asserted to warrant relief on *habeas corpus*, it does not, for the reasons adequately stated in *Prado Orozco v Raycraft*:

> *ICWC* analyzes the ICE enforcement policy under the APA, not as statutory violations of the INA. Thus, the case is unhelpful to

> Petitioner because he cannot state a claim under the APA and he identifies no other reason why his detention possibly violates the INA. A pending VAWA application "does not, standing alone, confer lawful immigration status . . . or create a statutory entitlement to release from custody . . . Petitioner has not identified a statute or binding regulation that prohibited Respondents from detaining him while his application remained pending." *Flores v Blanche*, 2026 WL 2069995, *2 (DNJ) (discussing *ICWC*'s limitations in the context of U-visa petitions). ICE's internal policy "does not, without more, create a judicially enforceable right to release or restrict an agency's statutory authority to detain an individual[.]" Ibid. In sum, Petitioner has not demonstrated that his custody is unlawful under the governing statute in a manner that would entitle him to *habeas* relief.

2026 WL 2138181, *7 (ED Mich). With respect to the court's reference above to the inability of petitioner to state a claim under the APA, the undersigned has also previously determined *Garcia Tabon v Dickey*. 4:25-06145 (SD Tex, Jan 22, 2026) (dismissing claim under APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief); see also *Garibay-Robledo v Noem*, 814 F Supp 3d 747, 760 (ND Tex 2026, Hendrix, J) (same).

Petitioner thus hasn't established that her current detention violates either the Constitution or federal law. The motion for summary judgment will thus be granted and the petition for writ of *habeas corpus* will be denied.

* * *

In so concluding, respectful acknowledgement is given to a number of district court judges who have reached a different conclusion on the claim with respect to due

process presented in this case, including within the Houston Division itself. For example, reaching conclusions in line with the undersigned are decisions in *Garcia De La Cruz v Bondi*, 2026 WL 309939 (SD Tex, Lake, J), *Arteaga-Marroquin v Blanche*, 2026 WL 1708601 (SD Tex, Hanen, J), and *Bernal v Frink*, 2026 WL 1804234 (SD Tex, Ganjei, J). But reaching conclusions that would afford relief to petitioners are decisions such as *Guerrero Gomez v Warden,* 4:26-cv-02192 (SD Tex, May 1, 2026, Hoyt, J), *Banegas Avila v Frink*, 2026 WL 976144 (SD Tex, Rosenthal, J), *Rodriguez v Frink*, 823 F Supp 3d 678 (SD Tex 2026, Ellison, J), *Serrano v Thompson*, 2026 WL 2000099 (SD Tex, Bennett, J), and *Batalla Nava v Tate*, 2026 WL 1103033 (SD Tex, Hanks, J). Until the Fifth Circuit or Supreme Court gives a definitive interpretation, it is simply up to each district court judge to continue to give his or her own best reading to the law and available precedent.

It bears mention that many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A) comports with due process and supports the position of the Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

Petitioner is advised to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez* and may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 8.

The petition for writ of *habeas corpus* by Petitioner Jessica Guadalupe Yepez Valencia is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on August 19, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge